**Merle C. ENGSBERG, Plaintiff,**

v.

**TOWN OF MILFORD, David Vandre and Gilbert Schaefer, Defendants and Third-Party Plaintiffs,**

v.

**EMPLOYERS MUTUAL CASUALTY COMPANY, INC., an Iowa corporation, and Tower Insurance Company, Inc., a Wisconsin corporation, Third-Party Defendants.**

No. 84-C-259-S.

United States District Court, W.D. Wisconsin.

Nov. 7, 1984.

---

Terrence S. Hawkins, Fox Law Offices, Madison, Wis., for plaintiff.

Thomas J. Basting, Brennan, Steil, Ryan, Basting & MacDougall, Janesville, Wis., for Town of Milford and David Vandre.

Thomas R. Schrimpf, Kluwin, Dunphy & Hankin, Milwaukee, Wis., for Town of Milford and Tower Ins. Co., Inc.

Eugene Gehl, Brynelson, Herrick, Gehl & Bucaida, Madison, Wis., for Employers Mut.

John M. Moore, Bell, Metzner & Gierhart, Madison, Wis., for Gilbert Schaefer.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Third-party defendants Employers Mutual Casualty Company, Inc. and Tower Insurance Company, Inc. have moved for summary judgment in the action brought against them by third-party plaintiffs Town of Milford and David Vandre for indemnification and breach of their separate contractual duties to defend against the primary lawsuit. The motion of Employer's Mutual is granted, while the motion of Tower Insurance is granted in part and denied in part.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when, after both parties have had the opportunity to submit evidence in support of their respective positions and the Court has viewed such evidence in the light most favorable to the non-movant, there remains no genuine issue of material fact in the case. *Cedillo v. Int'l Ass'n of Bridge & Structural Iron Workers et al.*, 603 F.2d 7, 9 (7th Cir.1979).

The Court finds the following as facts for the purpose of deciding the motions:

### FACTS

1. Third-party plaintiff Town of Milford is a municipality in Jefferson County, Wisconsin.

2. Third-party plaintiff David Vandre is an adult resident of the State of Wisconsin who at all times relevant to this action was employed as the Constable of the Town of Milford.

3. Third-party defendant Tower Insurance Company, Inc. is a Wisconsin corporation having its home office in Milwaukee, Wisconsin, and is engaged in the business of issuing policies of liability insurance.

4. Third-party defendant Employers Mutual Casualty Co., Inc. is an Iowa corporation, having its home office in Des Moines, Iowa, and is engaged in the business of issuing policies of liability insurance.

5. The third-party plaintiffs are defendants in a § 1983 action brought by one Merle C. Engsberg, in which Engsberg alleges that on April 25, 1982 defendant Vandre pried loose a board in a shed in which Engsberg kept five dogs belonging to him and shot the dogs with a rifle, killing four instantly. He alleges that Vandre acted "intentionally or with a willful, wanton, or reckless disregard for the plaintiff's constitutional rights in destroying his five dogs, and thereby deprived him of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Amended Complaint, ¶¶ 17, 20 and 22.

6. As a result of his acts, Vandre was convicted on his plea of guilty of cruelty to animals contrary to Wis.Stats. § 948.02. Amended Complaint, ¶ 15.

7. In addition, Engsberg alleges that "the Town of Milford, through its officers and agents, acted intentionally or with a willful, wanton or reckless disregard for plaintiff's constitutional rights in its reckless selection, training and supervision of the defendant Vandre in his capacity as Town Constable," or in the alternative "was grossly negligent in its selection, training and supervision of the defendant Vandre in his capacity as Town Constable." Amended Complaint, ¶¶ 25 and 26.

8. Plaintiff Engsberg further alleges that he suffered acute emotional distress and pecuniary loss as a result of the third-party plaintiffs' conduct, and seeks compensatory and punitive damages. Amended Complaint, ¶¶ 17 and 27.

9. Third-party defendants Tower Insurance and Employers Mutual Casualty had each issued a policy of liability insurance to the Town of Milford that was in effect on April 25, 1982.

10. Employers Mutual Casualty's policy contained the following exclusion:

This insurance does not apply to and the company shall not be liable to make any payment in connection with any claim made or suit brought against the Insured:

\*     \*     \*     \*     \*     \*

(f) for any damages, direct or consequential,

1. arising from a wrongful act resulting in, or

2. arising from a wrongful act from which no damages would have resulted except for the occurrence of bodily injury, sickness, disease, or death, or from damage to any tangible property including use thereof;

11. Tower Insurance's policy contained the following language descriptive of coverage:

A. COMPREHENSIVE GENERAL LIABILITY INSURANCE.

I. Coverage—Bodily Injury and Property Damage Liability.

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by pay-

ment of judgments or sesttlements (sic).

B. "Bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom.

C. "Property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

D. "Occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

Both the Town of Milford and Vandre are insureds under the policy.

12. On April 18, 1984 and April 19, 1984 Vandre and the Town of Milford tendered their defense against the Engsberg complaint to Employers Mutual Casualty and Tower Insurance, respectively.

13. Employers Mutual Casualty rejected the third-party plaintiffs' tender of defense, while Tower Insurance accepted the defense of the Town in part under a reservation of rights, agreeing to defend the Town only on the negligence claims against it and retaining an attorney to so defend the Town on those claims.

14. On July 13, 1984 third-party defendants the Town of Milford and Vandre impleaded the insurance companies for both indemnification and damages from breach of their separate contractual duties to defend.

## OPINION

"To determine whether an insurer is obligated to assume defense of a third-party suit, it is necessary to determine whether the complaint alleges facts which, if proven, would give rise to liability covered under the terms and conditions of the policy."

*Sola Basic Industries, Inc. v. U.S. Fidelity*, 90 Wis.2d 641, 280 N.W.2d 211, 213 (1979) *citing Grieb v. Citizens Casualty Company of New York*, 33 Wis.2d 552, 148 N.W.2d 103 (1967).

The operative language in the Town of Milford's insurance policy with Employers Mutual is the exclusion from coverage of "any claims ... brought ... for any damages, direct or consequential, 1. arising from a Wrongful Act resulting in [damage to any tangible property] ... or 2. arising from a Wrongful Act from which no damages would have resulted except for the occurrence of ... damage to any tangible property."

■ As noted above, plaintiff Engsberg's claim is that the destruction of his five dogs constituted both a deprivation of property without due process in violation of the Fourteenth Amendment and also an improper seizure under the Fourth Amendment, entitling him to receive compensatory damages for pecuniary loss and emotional distress. Certainly, the damages sought by Engsberg arise from the alleged destruction of his dogs, a wrongful act resulting in damage to tangible property. Moreover, his damage claims would be nonexistent had the damage to tangible property not occurred. Thus, there is no sense in which that claim does not fall under the plain language of the policy exclusion.

■ The averments of Town of Milford Clerk Thomas A. Miller that he as a member of the Milford Town Board understood and expected that the Employees Mutual policy would insure the Town against claims arising from damage to tangible property are immaterial. The third-party complaint alleges coverage under the policy, not coverage under a modified policy or implied-in-law coverage arising from an insurance agent's misrepresentation. Furthermore, even if the third-party complaint contained such allegations, Miller's personal opinion as to the coverage offered would be insufficient to create a genuine issue of material fact in light of the relatively clear terms of the policy. Because the complaint

could not give rise to Employers Mutual's duty to indemnify the Town or Vandre, Employers Mutual has no duty to defend.

Contrary to third-party plaintiffs' assertion, the holding of *Handal v. American Farmers Mutual Casualty Co.*, 79 Wis.2d 67, 255 N.W.2d 903 (1977) is inapplicable here. That case merely stands for the proposition that an ambiguity in a modification of an insurance policy should be construed in favor of coverage when that construction would coincide with the reasonable expectations of the insured.

Regarding the Tower Insurance policy, the operative language is the definition of occurrence:

D. "Occurrence" means an accident ... which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

Under the terms of the policy quoted in paragraph 11 of the facts, damages must have been caused by an occurrence before the insurance company would become legally obligated to pay an insured.

■ Against third-party plaintiff Vandre, plaintiff Engsberg has alleged constitutional torts which may or may not have been intentional arising from what can only be described as intentional though perhaps arguably privileged conduct, Vandre's use of a rifle to destroy Engsberg's dogs. Because Vandre's conduct resulting in Engsberg's property damage was intentional, there is no sense in which his conduct precipitated an occurrence the results of which could be covered under the policy issued by Tower Insurance.

■ Against third-party plaintiff Town of Milford, plaintiff Engsberg has alleged the same constitutional torts as alleged against Vandre, but contends that those torts arose out of property damage that was intended by the Town or, in the alternative, that the damage was caused by the Town's gross negligence in failing to supervise Vandre. Clearly, the allegations of gross negligence, if proved, fall within the coverage of the policy as leading to an

occurrence and Tower's duty to defend the Town is thereby triggered.

The only remaining question is the scope of Tower's duty to defend. Tower maintains that it need only defend the Town against the negligence allegations. In support, it cites Chief Judge Crabb's decision in *American Motorists v. Trane Co.*, 544 F.Supp. 669 (W.D.Wis.1982), *affirmed* 718 F.2d 845 (7th Cir.1983). Tower misapprehends the meaning of *American Motorists.*

*American Motorists* involved four claims brought against Trane Company by a customer who was dissatisfied with a particular Trane component that had been or would be installed in four geographically dispersed natural gas liquification plants. Trane's insurers failed to accept its tender of defense and one brought a declaratory action for determination of its duty to defend. In the meantime, Trane settled the claims. In analyzing each insurer's obligation to indemnify Trane for the costs of the settlement and to reimburse it for defense costs, Judge Crabb looked at each claim separately. That approach made eminent good sense, because although the claims were based on identical theories of recovery, each involved different facts.

As a practical matter, however, apportioning the responsibility for defense against a lawsuit involving several factually different claims according to policy coverage is a great deal easier than apportioning such responsibility when the lawsuit alleges one set of elemental facts and seeks recovery under several different theories, some that may allow recovery under a policy and others that may not. Moveover, while apportionment may be a logical solution retrospectively, when the merits of the lawsuit have been disposed of through settlement or otherwise, apportionment may be well-nigh impossible prospectively when defense against an action based on several theories of recovery and/or factually distinct claims must be coordinated. *American Motorists* says nothing about apportionment in such a situation and in fact holds to the general rule that when an insurer is potentially liable for indemnifica-

**256**

tion based on *some* allegations in the complaint, the duty to defend against the entire claim is triggered:

I conclude that the Pritchard complaint alleged damages for which there was potential coverage under the American Motorists policy. In these circumstances American Motorists had a duty to defend Trane, even though not all of the Pritchard allegations were within American Motorists' coverage. *Crawford v. Ranger Insurance Co.,* 653 F.2d 1248, 1253 (9th Cir.1981); *Babcock & Wilcox Co. v. Parsons Corp.,* 430 F.2d 531, 537 (8th Cir.1970).

*American Motorists,* 544 F.Supp. at 695. *See also, Colton v. Swain,* 527 F.2d 296, 304 (7th Cir.1975) (applying Illinois law).

Furthermore, when an insurer accepts a tender of defense from its insured under a reservation of rights indicating that it will indemnify the insured under some outcomes but not others, it becomes in the insurer's interest to promote outcomes under which it will not be liable for indemnification, an interest that conflicts with the interests of its insured. In these circumstances it would be especially detrimental to the insured's overall ability to defend against the action to allow the insurer to fragment the defense in fulfilling its contractual duty to defend.

 Therefore, because some of the allegations of Engsberg's complaint against the Town of Milford fall within the coverage of its policy with Tower Insurance and because apportionment of responsibility for the defense is neither practical nor desirable, Tower Insurance has the duty to defend the entire action against the town.

Accordingly,

### ORDER

IT IS ORDERED that the motion for summary judgment of third-party defendant Employers Mutual Casualty Company, Inc. is GRANTED, and that judgment be entered in its favor and against third-party plaintiffs David Vandre and Town of Milford with costs.

IT IS FURTHER ORDERED that the motion for summary judgment of third-party defendant Tower Insurance Company, Inc. is GRANTED as to its duty to defend and indemnify third-party plaintiff David Vandre, and is DENIED in all other respects.