PRODUCTION STAMPING CORPORATION, Plaintiff-
Appellant,†

v.

MARYLAND CASUALTY COMPANY and Northbrook
Property & Casualty Insurance Company,
Defendants-Respondents.

Court of Appeals

*No. 95–1452. Oral argument December 4, 1995.—Decided
January 9, 1996.*

(Also reported in 544 N.W.2d 584.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Patrick M. Ouimet* and

*Steven C. Wolf* of *Wolf & Ouimet* of Chicago; and *Michael Burton* and *Shepard A. Davis* of *Burton & Davis* of Milwaukee. There was oral argument by *Patrick M. Ouimet*.

On behalf of the defendant-respondent Maryland Casualty Company, the cause was submitted on the briefs of *Stephen E. Marshall* of *Goodell, DeVries, Leech & Gray* of Baltimore; and *Christopher D. Wolske* of *Fellows, Piper & Schmidt* of Milwaukee. There was oral argument by *Stephen E. Marshall*.

On behalf of the defendant-respondent Northbrook Property and Casualty Insurance Company, the cause was submitted on the briefs of *Mary E. McPherson, Patricia M. Kelly* and *Judith Fournie Helms* of *Tressler, Soderstrom, Maloney & Priess* of Chicago. There was oral argument by *Michael W. Morrison*.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

FINE, J.  This insurance-coverage action stems from a federal-court suit brought against Production Stamping Corporation by the owner of property bordering Production Stamping's facility, claiming environmental contamination resulting from Production Stamping's disposal practices. The contamination was discovered in October of 1990. Production Stamping tendered defense of the federal-court action to both Maryland Casualty Company and Northbrook Property and Casualty Insurance Company. Maryland Casualty provided comprehensive general liability and umbrella insurance to Production Stamping from November 24, 1980, to January 1, 1986; Northbrook Property and Casualty provided business package insurance to Production Stamping from January 1, 1986, to January 1, 1992. Both insurers rejected the

325

tender. Production Stamping ultimately settled the federal-court suit, and seeks recovery from both Maryland Casualty and Northbrook Property and Casualty for the cost of its defense of the federal-court action as well as the amount for which that action was settled.[1] The trial court granted summary judgment to the insurance companies dismissing Production Stamping's complaint. We affirm in part, and reverse in part.

Our review of a trial court's grant of summary judgment is *de novo. See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). We must first determine whether the complaint states a claim. *Ibid.* If the complaint states a claim, we must then determine whether "there is no genuine issue as to any material fact" so that a party is entitled to "judgment as a matter of law." *See* RULE 802.08(2), STATS.; *Green Spring Farms,* 136 Wis. 2d at 315, 401 N.W.2d at 820.

The sole issue in connection with each of the insurance companies is whether they had a duty to defend Production Stamping in the federal-court action; if they did have a duty to defend, they may not contest coverage now because they did not seek a preliminary court ruling on the coverage issue. *See Grube v. Daun,* 173 Wis. 2d 30, 74–75, 496 N.W.2d 106, 123 (Ct. App. 1992). An insurance company's duty to defend an insured sued by a third party is determined solely by the allegations in that third party's complaint. *Kenefick v. Hitchcock,* 187 Wis. 2d 218, 231–232, 522 N.W.2d 261, 266 (Ct. App. 1994). Any doubt as to

---

[1] This action originally sought declaratory judgment that the insurance companies were required to provide coverage and defend the federal-court suit.

whether or not the insurance company has a duty to defend is " 'resolved in favor of the insured.' " *Id.*, 187 Wis. 2d at 232, 522 N.W.2d at 266 (citation omitted). Although an insurance company that "declines to defend does so at [its] peril," *Grieb v. Citizens Casualty Co.*, 33 Wis. 2d 552, 558, 148 N.W.2d 103, 106 (1967), it is not liable to its insured unless there is, in fact, coverage under the policy, *id.*, 33 Wis. 2d at 558–559, 148 N.W.2d at 106–107, or coverage is determined to be "fairly debatable," *United States Fire Ins. Co. v. Good Humor Corp.*, 173 Wis. 2d 804, 830, 496 N.W.2d 730, 739 (Ct. App. 1993). We discuss each of the insurance companies in turn.

### 1. *Maryland Casualty.*

In granting summary judgment to Maryland Casualty, the trial court explained that the policies provided coverage for "damages arising from 'property damage' or 'personal injury' that occurred during the policy periods," and that "[t]here is no allegation in the [federal court] complaint from which it can reasonably be inferred that the damage or injury [to the land adjoining Production Stamping's facility] occurred prior to January 1, 1989." As we have seen, the Maryland Casualty's policies expired on January 1, 1986.

The trial court read the federal-court complaint against Production Stamping too narrowly. First, the federal-court complaint alleges that Production Stamping or its predecessor corporation owned the property from which the contamination was alleged to have come "since approximately 1960 through the present." Second, the federal-court complaint alleges that Production Stamping "has used in its operations" chemicals that the complaint contends caused the con-

327

tamination. Finally, although the federal-court complaint alleges that the contamination was discovered in October of 1990, it alleges both that "the contamination on the Production Stamping Property" "existed for . . . a long time" and that the release of the hazardous chemicals "occurred during [Production Stamping]'s ownership, operation, possession and control of the Production Stamping Property." Giving Production Stamping the benefit of the doubt, as we must, *see Kenefick*, 187 Wis. 2d at 232, 522 N.W.2d at 266, these allegations are sufficient to allege that Production Stamping's discharge of the chemicals contaminated the adjoining landowner's property prior to January 1, 1986, *see Wisconsin Elec. Power Co. v. California Union Ins. Co.*, 142 Wis. 2d 673, 680–681, 419 N.W.2d 255, 258 (Ct. App. 1987) (policy providing coverage for an "occurrence" encompasses the period from the event causing damages to the time when the damages manifest themselves); *Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis. 2d 381, 403, 497 N.W.2d 756, 765 (Ct. App. 1993) (allegations of fact in a complaint "and all reasonable inferences that can be drawn from those facts" must be accepted as true). Furthermore, Maryland Casualty was not relieved of its duty to defend Production Stamping in the federal-court action by the clause in the policy requiring as a predicate for liability that the discharge, release, or escape of pollutants be "sudden and accidental"; *Just v. Land Reclamation, Ltd.*, 155 Wis. 2d 737, 456 N.W.2d 570 (1990), has defined that phrase to require nothing more than that the resulting damages be "unexpected and unintended," *id.*, 155 Wis. 2d at 741–742, 746, 760, 456 N.W.2d at 570, 571–572.[2] Accordingly, Maryland Cas-

---

[2] Maryland Casualty argues that *Just* was wrongly decided. We are, however, bound by the latest decision by the Wisconsin

ualty was obligated to defend Production Stamping in the federal-court action brought by the adjoining landowner, and is responsible for Production Stamping's reasonable expenses in defending that action as well as the amount paid by Production Stamping in settlement. Maryland Casualty is not, however, liable for Production Stamping's costs in remediating its own property. *See City of Edgerton v. General Casualty Co.*, 184 Wis. 2d 750, 782–786, 517 N.W.2d 463, 477–479 (1994), *cert. denied*, 115 S. Ct. 1360 (1995) (costs of remediation not "damages"). We reverse the judgment dismissing the complaint against Maryland Casualty.

### 2. *Northbrook Property and Casualty.*

Unlike the Maryland Casualty policy, the policies issued to Production Stamping by Northbrook Property and Casualty contained exclusions for all damages caused by pollution—characterized by the trial court and counsel for both Production Stamping and Northbrook Property and Casualty as "absolute" pollution exclusions; unlike the Maryland Casualty policy, the Northbrook policies did not provide coverage for the "sudden and accidental" discharge, release, or escape of pollutants. Nevertheless, Production Stamping argues that the "PERSONAL INJURY AND ADVERTISING INJURY LIABILITY INSURANCE" coverage in one of the Northbrook Property and Casualty policies, namely the following definition of "Personal Injury": "wrongful entry or eviction or other invasion of the right of private occupancy" created a duty to defend. (Uppercasing in original; bolding omitted.) Production Stamping relies on the court of appeals decision in *City*

Supreme Court. *See State v. Clark*, 179 Wis. 2d 484, 493, 507 N.W.2d 172, 175 (Ct. App. 1993).

*of Edgerton v. General Casualty Co.*, 172 Wis. 2d 518, 548–550, 493 N.W.2d 768, 780–781 (Ct. App. 1992), *rev'd on other grounds*, 184 Wis. 2d 750, 517 N.W.2d 463 (1994), which held that the intrusion of pollutants into groundwater was an "invasion of the right of private occupancy" under the policy and thus was a covered "personal injury." We disagree.

It is settled in this state, and is the general rule elsewhere, that "application of the absolute pollution exclusion does not depend on 'theories of liability' regarding whether, in some metaphysical sense, the property damage was caused by initial negligence, subsequent pollution, or both, but merely on the fact or 'occurrence' of property damage as a result of the pollution." *American States Ins. Co. v. Skrobis Painting & Decorating, Inc.*, 182 Wis. 2d 445, 453, 513 N.W.2d 695, 698 (Ct. App. 1994). As noted, the scope of an insured's duty to defend is set by the allegations in the complaint against the insured. *See Kenefick*, 187 Wis. 2d at 231–232, 522 N.W.2d at 266. The complaint against Production Stamping alleged that the adjoining property owner sustained soil and groundwater contamination as the result of Production Stamping's operations, and claimed that the contamination "impaired the value and marketability" of the property as well as forcing the property owner to "expend large sums of money." This is a claim for property damage—not a "wrongful entry or eviction or other invasion of the right of private occupancy." To permit the "personal injury" coverage to trump an absolute pollution exclusion, as Production Stamping urges, would nullify that exclusion—a result that the parties could not have possibly intended. As the supreme court reiterated in *City of Edgerton*, "an insured's expecta-

tions [of coverage] may not be satisfied in contradiction to policy language which clearly identifies the scope of the insured's coverage." *City of Edgerton,* 184 Wis. 2d at 780, 517 N.W.2d at 477.[3] In sum, and as we have previously recognized, the absolute " 'pollution exclusion is just what it purports to be—absolute—and the Court perceives no reason why [the insurer] should be denied the benefit of its bargain with [the insured], as reflected in its insurance contract.' " *American States Ins.*, 182 Wis. 2d at 456, 513 N.W.2d at 699 (bracketing by *American States Ins.*; citation omitted). There is no coverage under the policy, and, in light of the absolute pollution exclusion, such coverage is not even "fairly debatable."[4] We affirm the trial court's dismissal of the complaint against Northbrook Property and Casualty.

[3] Significantly, there is no indication from the opinion either of the court of appeals or of the supreme court that the policy language in *City of Edgerton* contained an absolute-pollution exclusion, and counsel for Northbrook told us at oral argument that he did not believe that the absolute-pollution exclusion was involved in *City of Edgerton.*

[4] We thus reject Production Stamping's invitation to hold Northbrook Property and Casualty liable because it rejected coverage—admittedly at its peril, *see Grieb v. Citizens Casualty Co.*, 33 Wis. 2d 552, 558, 148 N.W.2d 103, 106 (1967)—and won, merely because in Production Stamping's view coverage was "fairly debatable" when Northbrook refused to accept the tender. As we have already seen, an insurance company that declines to defend an insured is not liable to that insured unless there is, in fact, coverage under the policy, *id.*, 33 Wis. 2d at 558–559, 148 N.W.2d at 106–107, or coverage is determined to be "fairly debatable." Here, whatever the situation might have been at the time Northbrook rejected the tender, we have determined that not only is there no coverage, but, that such coverage is not even fairly debatable. Presented with Production Stamping's tender of the defense of the federal suit, Northbrook took

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded.

one of the three available alternatives—albeit the most risky from the insurance company's point of view—which was to reject the tender and permit the insured to "pursue his own defense not subject to the control of the insurer." *See Grube v. Daun*, 173 Wis. 2d 30, 75, 496 N.W.2d 106, 123 (Ct. App. 1992). If Northbrook had lost its gamble, it would have, of course, been liable to Production Stamping for the latter's costs in defending the lawsuit filed by the adjoining property owner as well as any monies Production Stamping was obligated to pay as the result of either settlement or judgment. *See id.*, 173 Wis. 2d at 74–75, 496 N.W.2d at 123.