SMITH and others, Appellants, vs. DEPARTMENT OF TAXATION, Respondent. [Eight cases.]

*February 5—March 4, 1952.*

144

For the appellants, except Mrs. June Smith Rhea, there were briefs by *Leekley & Williams of* Milwaukee, and for Mrs. Rhea by *Daniel M. Schuyler* of Chicago, Illinois, and oral argument by *John Leekley.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

CURRIE, J.   The sole question presented on this appeal is whether the plaintiffs were entitled under the provisions of sec. 71.04 (4), Stats. 1941, 1943, and 1945, to deduct from the gross income reported by them in their individual income-tax returns for the years 1942-1945, inclusive, the amounts of dividends received from the Smith Investment Company.

While the facts are slightly different in the instant cases from those presented in *Cudahy v. Department of Taxation,*

ante, p. 126, 52 N. W. (2d) 467, in that the capital stock of Smith Investment Company was not owned by a single stockholder, but by at least eight stockholders, and it did report to the state of Wisconsin in its income-tax returns a net taxable income for three of the four years in question, such difference in facts are wholly immaterial in view of the principles of law upon which our decision in the *Cudahy Case* is based.

However, plaintiffs, in their brief, do raise a contention which merits our consideration. Such contention is that this court, in its decision in *Newport Co. v. Tax Comm.* (1935), 219 Wis. 293, 261 N. W. 884, held the provisions of sec. 71.02 (3) (e), Stats. 1927, invalid only as to the fact situation presented in such case, and recognized an exception as to which such statute would be applicable and valid; and the facts in the instant cases fall within such stated exception. To support such argument, plaintiffs' brief quotes from the decision in *Newport Co. v. Tax Comm., supra,* as follows (pp. 306, 307) :

"It remains to be considered whether this conclusion is affected by one or both of two circumstances claimed to be present here. The first is that there is an exception to the rule stated, in cases where intangibles owned by a nonresident have, as stated by the California court in *Westinghouse Electric & Mfg. Co. v. Los Angeles County,* 188 Cal. 491, 205 Pac. 1076, 'been localized in some independent business or investment away from the owner's domicile, so that its substantial use and value primarily attach to and become an asset of the outside business. In other words, while a nonresident may own the business, the business controls and utilizes in its own operation and maintenance the credits and income thereof.' The most typical case for the application of this doctrine is where a person carries on a continuous money-lending business in a jurisdiction apart from his domicile, and in such a situation the intangible property which is used in the business is said to have a business situs where the business is carried on. *Metropolitan Life Ins. Co. v.*

*New Orleans,* 205 U. S. 395, 27 Sup. Ct. 499; *New Orleans v. Stempel,* 175 U. S. 309, 20 Sup. Ct. 110; *Bristol v. Washington County,* 177 U. S. 133, 20 Sup. Ct. 585. See also 48 Harvard Law Review, 407.

"May this doctrine be applied to the situation here presented and warrant the conclusion that the stock purchased by the company for investment or capital purposes, held outside the state and pledged generally as collateral for bonds to promote the entire company and all of its activities, was localized in the state of Wisconsin? It was stated in the *Beidler Case* that a conclusion that debts acquired a business situs must have evidence to support it. We discover no evidence to support such a conclusion. This company, domiciled in Delaware, with plants in several states, made the investment and used the profits for the general purposes of the company, and we fail to see how this income, or the stock itself, can be said to have acquired a business situs in Wisconsin, any more than in any other place where its business activities were carried on."

Plaintiffs point out that in the *Newport Co. Case* the corporation involved was a foreign manufacturing corporation having its principal business in Wisconsin, but doing business both within and without the state, while in the instant cases, the entire income of the Smith Investment Company, whose sole business is that of an investment company, arises from various types of transactions dealing with the buying, selling, and holding of stocks and bonds, so that the use of such securities by the corporation in its business may be said to be localized in Wisconsin, with the result that such securities have a. business situs in the state where such business is carried on. In further support of this contention, plaintiffs' brief quotes from the decision of the United States supreme court in *First Bank Stock Corp. v. Minnesota* (1937), 301 U. S. 234, 238, 57 Sup. Ct. 677, 81 L. Ed. 1061, 113 A. L. R. 228, wherein that court stated:

"The doctrine that intangibles may be taxed at their business situs, as distinguished from the legal domicile of their

owner, has usually been applied to obligations to pay money, acquired in the course of a localized business. [Citations.] But it is equally applicable to shares of corporate stock which, because of their use in the business of the owner, may be treated as localized, for purposes of taxation, at the place of the business."

If the only words spoken by this court on the subject of the validity of sec. 71.02 (3) (e), Stats. 1927, 1945, ascribing a business or commercial domicile in Wisconsin to a foreign corporation which transacts its principal business in this state, was our decision in the *Newport Co. Case,* and if the legislature had not in 1947 repealed such statute as unconstitutional we might possibly reach a different conclusion in the instant cases than we do. However, as we pointed out in our decision in *Cudahy v. Department of Taxation, supra,* the decision of this court in *Briggs & Stratton Corp. v. Department of Taxation* (1946), 248 Wis. 160, 21 N. W. (2d) 441, left little doubt but this court therein had held sec. 71.02 (3) (e) was absolutely void *ab initio,* and by its repeal in 1947 as "unconstitutional" the legislature must have accepted such interpretation of our decisions in the *Newport Co.* and *Briggs & Stratton Cases.* We, therefore, conclude that we are foreclosed at this time from taking a position that sec. 71.02 (3) (e) might be construed to be valid as to one fact situation and invalid as to another.

For this reason and for the additional reasons stated in our opinion in *Cudahy v. Department of Taxation, supra,* the judgments in this case must be affirmed.

*By the Court.*—Judgments affirmed.