SMITH, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*June 2—July 3, 1953.*

390

For the appellant there was a brief by *Leekley & Williams* of Milwaukee, and oral argument by *John Leekley.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

FAIRCHILD, J.    From her income tax for the years 1943, 1944, and 1945 appellant deducted dividends received from the Smith Investment Company. She claimed the right to those deductions under sec. 71.04 (4), Stats. 1945 (sec. 71.05 (5), Stats. 1951). The Department of Taxation disallowed such deductions and made an additional assessment of taxes for those years. The additional assessment was contested by appellant, the matter eventually coming to this court, where it was held that the additional assessment was proper and that appellant was not entitled to the deductions

in question. See *Smith v. Department of Taxation,* 261 Wis. 143, 52 N. W. (2d) 475.

In contesting an additional assessment, the taxpayer is permitted, under sec. 71.12 (2), Stats. (sec. 71.10 (6) (a), Stats. 1945), to "offer to deposit the entire amount of the additional taxes, together with interest thereon, with the state treasurer." On February 27, 1947, within the statutory time, appellant "paid," as she claimed, to the state treasurer (or, as claimed by respondent, "deposited" with the state treasurer) the amount of the contested taxes and interest thereon. Because appellant considered the funds thus turned over to the state treasurer on February 27, 1947, as "payment" of taxes, she deducted the amount of the contested taxes and interest thereon from her 1947 income taxes under sec. 71.05 (4), Stats. 1947, which allowed deductions of "taxes . . . paid . . . during the year, including therein taxes imposed by the state of Wisconsin . . . as income taxes; . . ." The Department of Taxation disallowed such deductions as taxes "paid" and sent appellant notice of assessment of additional income taxes on the ground that "deposit of taxes and interest on income taxes contested before the Wisconsin board of tax appeals or the courts is not an allowable deduction."

A stipulation as to the facts was entered into between the parties, and there exists on this appeal no dispute as to the facts. The only question to be determined here is whether a taxpayer on a cash basis who, while contesting an additional assessment complies with sec. 71.12 (2), Stats., has, in so doing "paid" such amount as taxes; or whether he has merely made a "deposit."

As urged by the attorney general, the appellant recognizes that sec. 71.12 (2), Stats., says that the taxpayer may offer "to deposit" the amount of the additional taxes with the state treasurer. But because the language "taxes *paid*" or "amounts *paid*" occurs later in the same section, appellant takes the

position that the deposit offered is actually a payment of taxes.

The proceeding resorted to in order to avoid penalty for nonpayment of taxes is outlined in sec. 71.12 (2), Stats. The controlling purpose of that statute is to afford the taxpayer an opportunity to have the correctness of the assessment determined without being liable to the penalties which follow a nonpayment of taxes. The statute was enacted for the purpose of giving the taxpayer protection against a penalty and assuring the collection of a tax when it is declared due by the settlement of the dispute. Because of the underlying purpose of the statute, the use of the term "deposit" is significant in characterizing the holding of the funds turned over to the state treasurer. *State ex rel. McGrael v. Phelps,* 144 Wis. 1, 128 N. W. 1041; Crawford, Statutory Construction, p. 266, sec. 168; 2 Sutherland, Statutory Construction (3d ed.), p. 424, sec. 4919. The use of the word "payment" and "paid" in certain places of sec. 71.12 (2) cannot be given such effect or meaning as would be contrary to the plain legislative intent. To hold otherwise would virtually devise a new method of payment of a self-assessment. The funds given over to the state treasurer under sec. 71.12 (2) are not in discharge of a debt or obligation. The title to the funds is not given up. A debt is not paid unless by mutual intention of the parties, for payment constitutes giving something of value and its acceptance in satisfaction. *Dudley v. Whatley,* 30 Ala. App. 579, 10 So. (2d) 43.

We are of the opinion that we should follow the practical interpretation over the years by the department that the treasurer holds the money under the statute as having received it in special deposit for a given purpose to be paid to one party or to be divided between them upon the determination of a disputed question. The learned trial judge correctly interpreted the statutes and declared the procedure to be followed in such cases as the one before us.

The taxes assessed by the state in this instance were not paid in 1947 and not until after the determination of the original controversy by the decision in *Smith v. Department of Taxation, supra.* The deduction for taxes then would not be available until the paying thereof by transfer of the deposit by the state treasurer to the Department of Taxation.

*By the Court.*—Judgment affirmed.