SAUK COUNTY a Wisconsin municipal corporation,
Plaintiff-Appellant,

v.

EMPLOYERS INSURANCE OF WAUSAU and Wausau Underwriters, Defendants-Respondents. †

Court of Appeals

*No. 95–1388. Oral argument April 10, 1996.—Decided May 7, 1996.*

(Also reported in 550 N.W.2d 439.)

†Petition to review filed.

For the plaintiff-appellant the cause was submitted on the briefs of *Jeffrey L. Leavell and David R. Tennyck* of *Jeffrey Leavell S.C.* of Racine. There was oral argument by *Jeffrey L. Leavell*.

For the defendants-respondents the cause was submitted on the briefs of *Richard M. Hagstrom and Joseph P. Pozen* of *Zelle & Larson* of Minneapolis, Minnesota and *Timothy J. Strattner* of Brookfield. There was oral argument by *Joseph P. Pozen*.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J. Sauk County appeals from a judgment granting summary judgment to Employers Insurance of Wausau in an environmental insurance coverage dispute. Sauk County claims that Wausau is obligated to defend it with respect to certain counterclaims filed against Sauk County. Sauk County further claims that Wausau breached its duty to defend and seeks a ruling that the breach estops Wausau from contesting coverage under the policy. Because the counterclaims triggered Wausau's duty to defend, we reverse the judgment of the trial court and direct the trial court to enter judgment in favor of Sauk County; because Wausau did not breach its duty to defend, we reject Sauk County's estoppel argument; and because findings need to be made with respect to any outstanding duty to indemnify Sauk County, we remand this case to the trial court to conduct a damage hearing consistent with the directions of this opinion.

## I. BACKGROUND

Sauk County owned and operated a landfill from 1973 to 1983. The landfill operated on a natural attenuation design where contaminants were to be filtered out as they drained from the landfill. Some pollutants escaped, however, and contaminated the groundwater.

In 1985, the United States Environmental Protection Agency investigated the then closed landfill site

and reported that groundwater in the vicinity was contaminated. In May 1986, the Wisconsin Department of Natural Resources nominated the site for the Superfund National Priority List pursuant to the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.* (CERCLA).

In October 1988, the DNR demanded that Sauk County conduct further investigation and clean up the site. The DNR presented Sauk County with a proposed contractual agreement, which would require Sauk County to conduct a remedial investigation/feasibility study and clean up the environmental damage pursuant to CERCLA and § 144.442, STATS.

Sauk County notified its comprehensive general liability insurer (Wausau) of the DNR's actions and tendered defense of the DNR claim. Wausau did not accept the tender of defense, reserved its rights, and asserted that coverage under its policies "was not intended for such events." Wausau made a request for additional information and asked Sauk County to sign a Non-Waiver Agreement.

Sauk County hired its own attorney to defend it against the DNR claim. Through its counsel, Sauk County settled with the DNR and began to clean up the environmental contamination. In December 1990, Sauk County filed suit in federal court against one of the primary waste contributors to the site, Grede Foundries. Sauk County eventually amended its complaint to join seven other waste contributors in the suit. The federal complaint alleged in various parts that: the defendants "contaminated the groundwater under *and near* the site;" that the defendants' actions contaminated "Sauk County's property and substantially impaired Sauk County's use of its property and the Site *and its surrounding environs and property*;" that the

defendants' actions "caused contamination of the groundwater *surrounding* and under the site;" and the defendants' actions contaminated "the property in and *near the site*, and the groundwater under and *near the site*." (Emphasis added). The purpose of the suit was to recover costs of the clean-up from other potentially responsible parties.

Between January 1991 and March 1992, each of the defendants in the federal lawsuit filed counterclaims against Sauk County, either alleging that Sauk County was solely responsible for the contamination, or seeking contribution and/or indemnification from Sauk County. Upon receipt of the counterclaims, Sauk County tendered the defense of the counterclaims to Wausau. Wausau agreed to defend the counterclaims, pursuant to a full reservation of its rights under the insurance contract. Sauk County's attorney began to forward his legal bills to Wausau. Wausau paid one bill in 1991, but requested that the attorney separate his charges into "defense costs" and "prosecution costs." This request was made presumably because Wausau was not obligated to pay Sauk County's legal bills for prosecuting the federal court action, only for defending the counterclaims. In 1993, Sauk County eventually settled with all of the parties and Wausau paid 16.6% of the total legal bill.

Subsequently, Sauk County commenced this action against Wausau, seeking a declaration from the court as to Wausau's duty to defend and indemnify it for the claims brought by the DNR and the federal counterclaimants. Both Sauk County and Wausau filed motions for summary judgment. The trial court granted Wausau's motion, concluding that no duty to defend existed based on the Wisconsin Supreme Court's determination in *City of Edgerton v. General*

*Casualty Co.*, 184 Wis. 2d 750, 517 N.W.2d 463 (1994), *cert. denied,* 115 S. Ct. 1360 (1995). Sauk County now appeals.

## II. DISCUSSION

■ Our standard of review of summary judgments is *de novo. Park Bancorporation, Inc. v. Sletteland,* 182 Wis. 2d 131, 140, 513 N.W.2d 609, 613 (Ct. App. 1994). Moreover, interpretation of an insurance policy is a question of law that this court decides independently of the trial court. *Smith v. Atlantic Mut. Ins. Co.,* 155 Wis. 2d 808, 810, 456 N.W.2d 597, 598 (1990).

The issues in this case are: (1) whether Wausau had a duty to defend Sauk County against the DNR claim; (2) whether Wausau had a duty to defend Sauk County against the federal counterclaims; and (3) whether Wausau breached its duty to defend. We address each *seriatim*.

### A. Duty to Defend against the DNR claim.

Although this issue was argued at the trial court level and in the appellate briefs, Sauk County implicitly conceded on oral argument that Wausau did not have a duty to defend Sauk County in response to the DNR's request that Sauk County remediate the property. Sauk County's concession is appropriate in light of the Wisconsin Supreme Court's decision in *Edgerton*. In *Edgerton*, the supreme court concluded that a comprehensive general liability insurer is not obligated to defend or provide coverage in a situation where federal and state agencies are demanding that the insured conduct an environmental cleanup, unless there is an actual "suit seeking damages." *Edgerton*, 184 Wis. 2d

at 786, 517 N.W.2d at 479. It is undisputed in the instant case that the DNR claim did not involve a "suit seeking damages," as those terms are defined in *Edgerton*. Further, there is no argument that the pertinent language of the insurance policies at issue in this case are distinguishable in some manner from the language of the policies in *Edgerton*.

Based on the foregoing, we conclude that the DNR's claim did not trigger Wausau's duty to defend under the insurance policies at issue.

## B. Duty to Defend Sauk County against the Federal Counterclaims.

This issue is presented to us in a somewhat unusual procedural posture. Duty to defend issues generally arise when an insured is sued. In this case, Sauk County, as plaintiff, initiated a suit against other potentially responsible parties in an attempt to distribute the costs it incurred in cleaning up the contamination. The duty to defend question only arises in this instance because the party defendants that Sauk County sued filed counterclaims against Sauk County. Pursuant to the insurance contract at issue, Wausau does not a have duty to *prosecute* Sauk County's third-party claims in the federal case.

The issue presented to this court is whether Wausau had a duty to defend Sauk County against the counterclaims. In accordance with *Edgerton*, our analysis begins with determining whether the counterclaims constitute a "suit seeking damages." *Edgerton* defines a "suit" as:

> [A]ny proceeding by one person or persons against another or others in a court of law in which the

439

> plaintiff pursues, in such court, the remedy which the law affords him for the redress of an injury or the enforcement of a right, whether at law or equity.

*Id.* at 774, 517 N.W.2d at 474. The key factor is whether the parties to the action are involved in "actual court proceedings." *Id.* at 775, 517 N.W.2d at 474. It is clear that the counterclaims on file in federal court satisfy this definition.

The next question is whether the counterclaims seek "damages" as that term is defined. *Edgerton* defined damages to mean "legal damages" and specifically held that "[r]esponse costs assigned either under CERCLA or [state statutes] are by definition, considered to be equitable relief." *Id.* at 784, 517 N.W.2d at 478. The court concluded that "as an equitable form of relief, response costs were not designed to compensate for past wrongs; rather, they were intended to deter any future contamination by means of injunctive action, while providing for remediation and cleanup of the affected site." *Id.* at 785, 517 N.W.2d at 478. Hence, the court held that this type of damage did not constitute "legal damages," and, therefore, was not covered under the policies. *Id.*

This "damages" definition was further refined by subsequent case law in a situation distinguishable from *Edgerton*, i.e., where the insured sought coverage for contamination of property that the insured did not own or control, and that involved contamination of privately-owned property for which the insured may be liable under federal law. *General Casualty Co. v. Hills*, 201 Wis. 2d 1, 12, 548 N.W.2d 100, 103-04 (Ct. App. 1996). In *Hills*, we held that a general liability insurer had a duty to defend and indemnify an insured where the contaminated property was not owned and operated by the insured and where the suing party is

seeking monetary compensation from the insured, under the terms of the contract at issue, for costs it incurred or will incur to clean up the contamination of the privately-owned site. *Id. Hills* rejected the argument that if a lawsuit seeks only remediation/response costs, then coverage is precluded by *Edgerton*'s definition of damages. *Id.* at 12, 548 N.W.2d at 104. *Hills* held that this definition does not control when the remediation is for costs to clean up a third-party's property. *Hills* concluded that a lawsuit which seeks monetary damages from the insured to clean up contaminated property that is not owned or operated by the insured constitutes a "suit seeking damages" as those terms are used in general liability policies. *Id.* at 13, 548 N.W.2d at 105.

Resolution of the instant case, therefore, depends upon whether the counterclaimants sought damages from Sauk County for costs related to contaminated property Sauk County itself owned and operated *or* whether the counterclaimants sought damages from Sauk County for costs related to contaminated property not owned or operated by Sauk County. The former situation would be governed by *Edgerton*, which provides that remediation costs relating to an insured's own property do not constitute damages. *Edgerton*, 184 Wis. 2d at 784-85, 517 N.W.2d at 478. The latter situation would be governed by *Hills*, where costs to clean up contamination of property not owned by the insured do constitute damages. *Hills*, 201 Wis. 2d at 12-13, 548 N.W.2d at 104-05.

Sauk County argues that the counterclaims, by virtue of the language in the federal complaint, involve a *Hills* situation. Wausau argues that the counterclaims are limited to contribution and indemnification,

which are both equitable claims that, according to *Edgerton,* do not constitute damages.

We have examined the federal complaint. As referenced above, the complaint alleges that: the counterclaimants "contaminated the groundwater under *and near* the site;" that the counterclaimants' actions contaminated "Sauk County's property and substantially impaired Sauk County's use of its property and the Site *and its surrounding environs and property*;" that the counterclaimants' actions "caused contamination of the groundwater *surrounding* and under the site;" and the counterclaimants' actions contaminated "the property in and *near the site*, and the groundwater under and *near the site*." (Emphasis added).

Based on the complaint references to contamination to property other than that owned by Sauk County, i.e., the property surrounding the insured's site, we conclude that this case is governed by *Hills*. We conclude that the counterclaims do constitute a "suit seeking damages" as those terms are used within the policies at issue in this case. The language of the complaint alleging that surrounding property was damaged sufficiently triggers the inclusion of such an allegation in the counterclaims, even if the counterclaims do not specifically reference such language.

We are not persuaded by Wausau's argument that because the counterclaims are premised upon contribution and indemnification theories, that the counterclaims seek merely equitable relief, which does not constitute damages pursuant to *Edgerton*. First, *Edgerton* does not say that contribution and indemnification claims do not constitute legal damages. Second, *Hills* specifically rejected the argument that suits pre-

mised solely upon recovering for costs incurred to clean up and remediate environmental contamination will never constitute "suits seeking damages." *Hills* held that a suit does seek legal damages if the suing party seeks monetary compensation for costs to clean up contamination caused to a third-party's property. *Id.* at 12, 548 N.W.2d at 104. *Hills* held that the purpose of CGL policies is to indemnify insureds for damage they cause to others' property. *Id.*

Although the counterclaimants' theories of contribution and certain forms of indemnification spring from equitable principles,[1] the counterclaims, at least in part, seek monetary compensation for costs to clean up contamination caused to others' property, i.e., the property *surrounding* the Sauk County landfill. Further, our focus is on the incident that gave rise to the claim, not the counterclaimants' theory of liability. *See Berg v. Schultz*, 190 Wis. 2d 170, 178, 526 N.W.2d 781, 784 (Ct. App. 1994).

---

[1] Contribution is a "payment made by each, or by any, of several parties having a common interest of liability of a share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others." 18 C.J.S. *Contribution*, § 2 (1990). The doctrine of contribution does not arise from contract or tort, but is "principles of equity, principles of natural justice, as well as on public policy." 18 C.J.S. *Contribution*, § 3 (1990).

Indemnification arises from an express or implied contract. 18 C.J.S. *Contribution*, § 2 (1990). In indemnity actions, "the party held legally liable shifts the entire loss to another because of some special relationship existing between them." 18 C.J.S. *Contribution*, § 2 (1990).

The fact that an action may be founded in principles of equity, however, does not mean that the suing party does not seek monetary compensation.

We conclude, therefore, that Wausau's duty to defend was triggered when the counterclaims were filed against its insured because those counterclaims involved claims for monetary damages associated with cleaning up contaminated property not owned or operated by the insured.

## C. *Was the Duty to Defend Breached?*

Sauk County argues that Wausau breached its duty to defend and, as a result, waived its right to contest coverage with respect to both the DNR actions and the counterclaims. *See Grube v. Daun*, 173 Wis. 2d 30, 74-75, 496 N.W.2d 106, 123 (Ct. App. 1992). Wausau argues that it did not breach its duty to defend. We agree with Wausau.

Sauk County tendered the defense of the counterclaims to Wausau. By a letter dated January 31, 1991, Wausau agreed to defend Sauk County on the counterclaims under a full reservation of rights. Although not clearly indicated in the record, we presume there was some agreement between Sauk County and Wausau, either expressed or implied, that the attorney Sauk County had hired to handle the DNR matters and to file the federal complaint would also handle the defense of the counterclaims.

This presumption is bolstered by the documentation in the record that Sauk County's attorney corresponded with Wausau with respect to the defense and submitted his legal fees for payment to Wausau. Wausau made one payment to Sauk County's attorney in June 1991. Shortly thereafter, a dispute arose between Sauk County and Wausau with respect to the legal bills. Wausau requested that the legal bills relating solely to the defense of the counterclaims be

separated from the remainder because Wausau only felt obligated to pay that portion of the bills. In response, Sauk County told Wausau that the bill was sufficiently detailed; that it should be able to extract from the total bill those fees associated with the defense of the counterclaims. As a result, no further payment was made until February 1993, when Wausau began paying 16.6% of the total legal bill. Wausau indicated that this was the percentage of the bills that it believed to be attributable to the counterclaims.

In the trial court, Sauk County argued that this payment of 16.6% in ·February 1993, constituted a breach of the duty to defend. The trial court determined that Sauk County never alleged "that this percentage did not represent the actual costs of defending the federal counterclaims." This holds true for the appeal as well. Instead, Sauk County argues that Wisconsin law provides that partial payment of defense costs does not satisfy an insurer's duty to defend, and that an insurance company must defend the entire action when some of the allegations in the complaint fall within the policy coverage. Although we agree that this is a correct statement of the law, *see Grube*, 173 Wis. 2d at 73, 496 N.W.2d at 123, the unique procedural posture of the instant case demands a closer look at this broad statement. In applying this general rule to the instant case, we cannot conclude that the "partial payment" constituted a breach.

The legal bills submitted by Sauk County included costs relating to the DNR matter and costs relating to the *prosecution* of the federal suit. The "partial payment" rule is intended to ensure that if any of the allegations in the complaint allege coverage, that the insured is provided a defense to the entire complaint.

The instant case is distinguishable from this factual scenario because the "partial payment" to Sauk County was *full* payment for all of the defense costs. We conclude, that under the unique circumstances of this case, the 16.6% payment was indeed full payment for defending Sauk County on the counterclaims.

■

Accordingly, we hold that this payment did not constitute breach of the duty to defend. Because we have held there was no breach, it is not necessary for us to address Sauk County's estoppel argument. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

We address one final point: the duty to indemnify. We conclude that in addition to its duty to defend Sauk County on the counterclaims, Wausau also has a duty to indemnify Sauk County on the counterclaims. Based on the case law, however, this duty is limited to paying Sauk County for any amounts it had to pay the counterclaimants with respect to the damage to the property other than the property it owned. *Hills*, 201 Wis. 2d at 10-11, 548 N.W.2d at 103-05. In other words, Wausau's duty to indemnify under the policies is limited to payment that *its* insured incurred under the counterclaims *only* with respect to the contaminated property surrounding the landfill. The duty to indemnify does not extend to damages Sauk County had to pay to remediate its own land. *Edgerton*, 184 Wis. 2d at 783-84, 517 N.W.2d at 478. Because the record does not contain any documentation with respect to these figures, and because this determination may involve fact-finding, we remand this case to the trial court to conduct proceedings consistent with this opinion.

## III. CONCLUSION

In sum, we conclude that: (1) Wausau did not have a duty to defend Sauk County with respect to the DNR matters; (2) by virtue of the allegations that property other than the property owned and operated by Sauk County was involved in the counterclaims, that Wausau did have a duty to defend the counterclaims; and (3) that Wausau accepted that duty to defend and did not breach it as alleged by Sauk County.

We direct the trial court on remand to conduct the damage hearing referenced above and to enter judgment as follows: (1) summary judgment should be granted to Wausau with respect to the DNR matters; and (2) declaratory judgment should be granted in favor of Sauk County with respect to Wausau's duty to defend the counterclaims.

*By the Court.*—Judgment reversed and cause remanded with directions.