SAUK COUNTY, a Wisconsin municipal corporation,
Plaintiff-Appellant,

v.

EMPLOYERS INSURANCE OF WAUSAU, a domestic mutual
company, Defendant-Third-Party Plaintiff-
Respondent,†

v.

WISCONSIN COUNTY MUTUAL INSURANCE COMPANY,
International Surplus Lines Insurance Company and
International Insurance Company, Third-Party
Defendants.

Court of Appeals

*No. 98–3458. Oral argument October 23, 2000.—Decided
December 19, 2000.*

2001 WI App 22

(Also reported in 623 N.W.2d 174.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael R. Vescio* of *Jeffrey Leavell, S.C.,* of Racine, Wisconsin. There was oral argument by *Jeffrey L. Leavell.*

On behalf of the defendant-third-party plaintiff-respondent, the cause was submitted on the brief of *Scott J. Ryskoski* of *Larson King, LLP,* of St. Paul, Minnesota, and co-counsel *Timothy J. Muldowney,* of *LaFollette & Sinykin,* of Madison, Wisconsin, and *Timothy J. Strattner,* of *Schellinger & Doyle, S.C.,* of Brookfield, Wisconsin. There was oral argument by *Scott Ryskoski.*

A nonparty brief was filed by *Virginia L. Newcomb* of *Borgelt, Powell, Peterson & Frauen, S.C.,* of Milwaukee, for Insurance Environmental Litigation Association.

Before Fine, Schudson and Curley, JJ.

¶ 1. SCHUDSON, J. Sauk County appeals from the circuit court's October 20, 1998 order incorporating the September 3, 1998 grant of summary judgment to Employers Insurance of Wausau (Wausau), and denying Sauk County's request for attorney's fees and costs. Sauk County argues that the circuit court erred in concluding that it was not entitled to indemnification from Wausau, and in failing to hold a hearing to determine the amount of indemnification it was due. Sauk County is correct and, accordingly, we reverse and remand for the hearing required under *Sauk County v. Employers Insurance of Wausau,* 202 Wis. 2d 433, 446–47, 550 N.W.2d 439 (Ct. App. 1996) (*Sauk County I*). We also

conclude that Sauk County is entitled to attorney's fees and costs for pursuit of its indemnification claim.

## I. BACKGROUND

¶ 2. In *Sauk County I* we recounted the factual background, which should be reviewed for a full understanding of the issues in this case. A brief summary, along with an update of the key proceedings subsequent to *Sauk County I*, will help put this appeal in focus.

¶ 3. In 1990, Sauk County brought an action in federal court against a potentially responsible party (PRP) who, Sauk County claimed, should pay for part of the cleanup costs Sauk County had incurred in remediating property contaminated by pollutants that drained from Sauk County's landfill and contaminated the groundwater. *Sauk County I*, 202 Wis. 2d at 435–37. Sauk County subsequently amended the complaint to join additional PRPs as defendants. *Id.* at 436. The PRPs counterclaimed, alleging either that Sauk County was solely responsible for the contamination, or that Sauk County was responsible for contribution and/or indemnification. *Id.* at 437. Sauk County tendered the defense of the counterclaims to Wausau, its comprehensive general liability insurer. *Id.* Wausau agreed to defend the counterclaims, subject to a full reservation of its rights under the policy. *Id.*

¶ 4. In May 1992, one of the PRPs paid Sauk County $950,000 in settlement of Sauk County's claims against it in the federal suit. In 1993, Sauk County and the remaining PRPs settled the federal court action, with those PRPs agreeing to pay Sauk County $1,050,000. Wausau, separating Sauk County's legal costs for prosecuting the federal court action from the costs of defending against the counterclaims, paid

16.6% of Sauk County's total legal costs related to the federal case. *Sauk County I*, 202 Wis. 2d at 437. Sauk County then brought the underlying state court action against Wausau seeking, among other things, a declaration of Wausau's duty to defend and indemnify it for the federal counterclaims. *Id.*

¶ 5. The circuit court granted Wausau's motion for summary judgment concluding, in part, that Wausau had no duty to defend Sauk County on the federal counterclaims. *Id.* Sauk County appealed and this court reversed. *Id.* at 435. We concluded that Wausau had a duty to defend Sauk County against the counterclaims because they "involved claims for monetary damages associated with cleaning up contaminated property not owned or operated by the insured." *Id.* at 444. We further concluded that although Wausau's payment of 16.6% of Sauk County's legal costs "was indeed full payment for defending Sauk County on the counterclaims," Wausau also had "a duty *to indemnify* Sauk County on the counterclaims." *Id.* at 446 (emphasis added).

¶ 6. We clarified that Wausau's duty to indemnify was "limited to payment that [Sauk County] incurred under the counterclaims *only* with respect to the contaminated property surrounding the landfill," and did not extend to any damages Sauk County had paid to "remediate its own land." *Id.* Recognizing that "[b]ecause the record does not contain any documentation with respect to these figures, and because this determination may involve fact-finding," we directed the circuit court to "conduct the damage hearing" to determine the indemnification due Sauk County. *Id.* at 446–47.

¶ 7. On remand, Wausau moved for summary judgment, arguing that Sauk County had not incurred

any damages under the counterclaims with respect to the contaminated property owned by anyone other than Sauk County. Wausau contended that Sauk County had neither paid anything to the PRPs nor offered any evidence that it provided consideration to them under the settlement agreements. Sauk County responded that it had provided consideration—its agreement to indemnify, defend, and hold the PRPs harmless for any claims arising out of or attributable to either the landfill site or the material deposited there.[1] Therefore, Sauk County maintained that Wausau, in turn, had a duty to indemnify it for the costs incurred under the counterclaims—Sauk County's indemnification of the PRPs under the settlements.

¶ 8. Granting summary judgment to Wausau, the circuit court explained:

> In the Federal lawsuit, I can determine that no sum of money was ever paid to the counterclaimants.

[1] In its brief to this court, Sauk County summarized its theory:

> The amount of Sauk County's payment to the counterclaimants can easily be expressed in monetary terms. Sauk County accepted approximately $3 million less from the counterclaimants than the full amount of projected cleanup expenses from damage to the environment. Sauk County's then total anticipated expenses for the clean-up were estimated to be in excess of $4,800,000, all for "damage to the groundwater, air, and surface water that were not a part of Sauk [C]ounty's property . . ." The counterclaimants paid Sauk County only $2 million. By giving the counterclaimants a release and indemnity for the off-site environmental damage for only $2 million, Sauk County incurred approximately $3 million in damages it claimed the counterclaimants rightfully owed. Thus, Sauk County made a payment to the counterclaimants that was equivalent to $3 million.

(Record references omitted.)

Thus, there is nothing for the insurer to pay to the defendants in this case.

. . . .

Sauk County was the only plaintiff in the Federal case with any real damages; and, as a result, there is nothing for Wausau to indemnify Sauk County for.

. . . .

How can a plaintiff "contribute" toward its own damages? Instead, its recovery is limited by the amount of its own contributory negligence. And that is what I believe happened in that Federal case.

The counterclaims were, in a sense, a fiction as we look at them from this case; because under no circumstances would Sauk County ever be called on to pay a portion of its own damages to those named defendants.

. . . .

Until a claim for damages to unowned property from a third party is made, the insurance company does not have to indemnify its insured for pollution to property not owned by Sauk County.

Thus, the court concluded, Wausau owed Sauk County nothing more.

## II. DISCUSSION

■■■■■

¶ 9. We review *de novo* a circuit court's grant of summary judgment. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). WISCONSIN STAT. § 802.08(2) (1997–98)[2] sets forth the familiar summary judgment standard:

---

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

> The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

We conclude that the circuit court erred in granting summary judgment to Wausau.

¶ 10. In its federal action, Sauk County sought to reduce its liability for a government-mandated environmental cleanup by holding the PRPs responsible for their part in the pollution of the landfill and surrounding property. The PRPs, in turn, counterclaimed to reduce their liability. Had the PRPs established that they had no responsibility for the contamination, they would have owed Sauk County nothing, and Wausau would have had no further indemnification obligation to Sauk County. But, under the settlements, the PRPs paid Sauk County $2,000,000 and, in return, Sauk County agreed, among other things, to "defend, indemnify and hold harmless" each of the PRPs regarding any claims and liabilities related to the landfill. Unquestionably, Sauk County's agreement had value; otherwise, the PRPs would not have accepted it in consideration for their payments to Sauk County.[3]

---

[3] That proposition finds ample support in the record. For example, in affidavits, several PRPs acknowledged:

> Consideration for settlement of the Counterclaim included Sauk County's written agreement to indemnify, defend and hold [this PRP] harmless from any and all claims and liabilities of any kind whatsoever for or arising out of conditions at and surrounding the site. This was good and valuable consideration received by [this PRP] because [it] would no longer have to litigate over or pay for any environmental clean up [sic] it believed was caused by Sauk County.

¶ 11. The fact that, in the circuit court's words, "no sum of money was ever paid to the counterclaimants" is immaterial. "Payment" may be something other than money. In *Sauk County I*, we explained that "[a]lthough the counterclaimants' theories of contribution and certain forms of indemnification spring from equitable principles, the counterclaims, at least in part, seek monetary compensation for costs to clean up contamination caused to others' property . . . ." *Sauk County I*, 202 Wis. 2d at 443 (footnote omitted). In a footnote to a portion of that passage, we added:

> Contribution is a "payment made by each, or by any, of several parties having a common interest of liability of a share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others." . . .
>
> . . . .
> The fact that an action may be founded in principles of equity, however, does not mean that the suing party does not seek monetary compensation.

*Id.* at 443 n.1. Thus, *Sauk County I* clarified that regardless of the form of any transfer of value or consideration, the concepts of indemnification and contribution encompass "damages" and "payment." *See id.* at 442–44.

¶ 12. Therefore, in explaining that "Wausau's duty to indemnify under the policies is limited to *payment* that [Sauk County] incurred under the counterclaims" with respect only to the "contaminated property surrounding the landfill," *id.* at 446 (emphasis added), we certainly were not confining "payment" to a money payout. After all, when we decided *Sauk County I*, the record already established that Sauk County had not *paid money* to the PRPs. But that fact did not end the analysis. As *Sauk County I* directed, the

circuit court was to conduct a hearing to determine the amount Sauk County "had to pay the counterclaimants with respect to the damage to the property other than the property it owned." *Id.* Now, on remand, the circuit court should do so, understanding that "payment constitutes giving something of value and its acceptance in satisfaction." *Smith v. Wisconsin Dep't of Taxation,* 264 Wis. 389, 392, 59 N.W.2d 479 (1953).

¶ 13. We acknowledge that it may be difficult to determine the exact value of what Sauk County relinquished in reaching its settlements with the PRPs. Nevertheless, in the hearing contemplated by *Sauk County I*, Sauk County will have the opportunity to establish that value and, of course, Wausau will have the opportunity to contest it. Whether the circuit court will be able to ascertain that value remains to be seen but that, of course, is what the hearing is for.[4]

¶ 14. Sauk County also challenges the circuit court's denial of its request for attorney's fees. The supreme court has explained:

> The insurer that denies coverage and forces the insured to retain counsel and expend additional money to establish coverage for a claim that falls within the ambit of the insurance policy deprives the insured [of] the benefit that was bargained for and paid for with the periodic premium payments. Therefore, the principles of equity call for the insurer to be liable to the insured for expenses, including reasonable attorney fees, incurred by the insured in successfully establishing coverage.

---

[4] If appropriate, the circuit court may also address the parties' arguments on Wausau's many claims of other defenses. The circuit court has not yet resolved those matters and, accordingly, we decline to address them at this time.

*Elliott v. Donahue*, 169 Wis. 2d 310, 322, 485 N.W.2d 403 (1992). In *Sauk County I*, we concluded that Wausau had a duty to indemnify Sauk County on the counterclaims. *Sauk County I*, 202 Wis. 2d at 446. Therefore, Sauk County is entitled to recover the attorney's fees and costs it incurred in establishing Wausau's coverage for indemnification on the counterclaims.

¶ 15. Accordingly, we remand this case to the circuit court both to conduct the hearing directed by *Sauk County I* and to determine the amount of attorney's fees and costs to be awarded to Sauk County. *See Univest Corp. v. Gen. Split Corp.*, 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989) ("[A] decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the trial court or on later appeal.").

*By the Court.*—Order reversed and cause remanded with directions.