Hinkle, J.
Plaintiff Essex Insurance Company (“Essex”) filed this declaratory judgment action seeking a declaration that it does not have a duty to defend or indemnify its insureds, American Building and Restoration, Inc. and American Building and Restoration Products, Inc. (collectively, “ABRP”) in a lawsuit filed by defendants John and Barbara Zabilansky.[2] In a decision dated April 15, 2004, this Court declared that Essex was obligated to defend and indemnify ABRP for the claims which were the subject of Middle- *166 sex Superior Court Civil Action No. 2001-01985. ABRP now moves to recover from Essex $95,664.57 in attorneys fees and expenses it incurred in defending the declaratory judgment action in which coverage was established. For the reasons discussed below, ABRP’s motion is denied.

BACKGROUND

ABRP is a Wisconsin corporation with a principal place of business in Franklin, Wisconsin. ABRP manufactures various sealant products, including X-100 Natural Seal Interior Grade Wood Stain Preservative. X-100 is manufactured, labeled and packaged at ABRP’s production facility in Franklin, Wisconsin.
Essex is an insurance carrier which is incorporated in Delaware and has its principal place of business in Glen Allen, Virginia. In February of 1999, ABRP filed with Essex an insurance application for liability coverage for its business, described as the manufacture and sale of wood sealants and preservatives. The parties’ negotiations for insurance coverage occurred through ABRP’s agent, Rukavina Insurance Group, and Essex’s agent, Clark & Associates, Inc., both of which are located in Illinois. Thereafter, Essex issued to ABRP commercial general liability policy No. 3AP3424-1, with a coverage period of April 1, 1999 to April 1, 2000 (“the Policy”).
John and Barbara Zabilansky reside in Nantucket, Massachusetts. On May 7, 2001, the Zabilanskys filed Middlesex Superior Court Civil Action No. 2001-01985 against ABRP, Boston Restoration Supply, Inc. and BCB Painting, Inc. claiming, in essence, that X-100 is a defective product. The Zabilansky complaint alleged that in April of 1999, they hired BCB Painting, a Nantucket business, to paint and seal the interior of their residence. A representative of wood sealant distributor Boston Restoration Supply, Inc. recommended the use of X-100 to seal the exposed wood in the Zabilanskys’ home, and on April 8, 1999, BCB Painting sprayed the Zabilanskys’ wood floors with X-100. The Zabilanskys alleged that they suffered physical injuries, emotional distress, financial injury and loss of the use of their home as a result of their exposure to chemicals in the X-100 product, and asserted negligence and breach of warranty claims.
On November 22, 2002, Essex filed this declaratory judgment action against ABRP and the Zabilanskys seeking a declaration that it had no duty to defend or indemnify ABRP in connection with the Zabilanskys’ claims based on a pollution exclusion in the Policy. In a Memorandum of Decision and Order dated April 15, 2004, this Court concluded that the presence of both a pollution exclusion and a specified products liability endorsement rendered the Policy ambiguous. Resolving the ambiguity in favor of the insured, this Court therefore ordered Essex to defend and indemnify ABRP.

DISCUSSION

ABRP contends that it is entitled to recover its reasonable attorneys fees and expenses under Massachusetts law. Essex, by contrast, argues that Wisconsin law governs all policy disputes and does not allow recoveiy of fees under the circumstances of this case.
The first step in performing a choice of law analysis is to determine whether a genuine conflict exists between the substantive law of the interested jurisdictions. Massachusetts has adopted the “American Rule” which allows successful litigants to recover their attorneys fees and expenses only in a limited class of cases. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 397 (2003). One exception to this rule is that Massachusetts allows recoveiy of reasonable attorneys fees when an insured successfully establishes in a declaratoiy judgment action the insurer’s duty to defend, whether or not the insurer acted in good faith or breached the terms of the insurance policy. Id. Hanover Ins. Co. v. Golden, 436 Mass. 584, 587 (2002). The rationale for allowing the recoveiy of fees is that “to impose upon the insured the cost of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of his bargain.” Hanover Ins. Co. v. Golden, 436 Mass. at 587; Rubenstein v. Royal Ins. Co., 429 Mass. 355, 360 (1999).
Wisconsin has also adopted the American Rule under which parties are generally responsible for their own attorneys fees. DeChant v. Monarch Life Ins. Co., 547 N.W.2d 592, 596 (Wis. 1996). Wisconsin recognizes a narrow exception to this rule where an insured establishes the insurer’s duty to defend in a declaratory judgment action: the insured may recover fees in the limited circumstances where the insurer breaches the policy either directly, as by wrongfully refusing to provide a defense, or indirectly, by failing to follow proper procedures to protect the insured while adjudicating coverage. Reid v. Benz, 629 N.W.2d 262, 269-71 (Wis. 2001); Elliott v. Donahue, 485 N.W.2d 403, 406-09 (Wis. 1992); Ledman v. State Farm Mut. Automobiles Ins. Co., 601 N.W.2d 312, 318 (Wis.Ct.App. 1999), rev. den., 609 N.W.2d 473 (Wis. 2000).[3]
ABRP argues here that Sauk County v. Employers Ins. of Wausau, 623 N.W.2d 174, 178-79 (Wis.Ct.App. 2000), rev. den., 629 N.W.2d 783 (Wis. 2001) {“Sauk County II’), stands for the proposition that Wisconsin permits the recovery of fees when an insured establishes a duty to indemnify, whether or not the insurer breached the policy. However, in awarding fees, the court in Sauk County II cited to Elliott, a case emphasizing the insurer’s breach of the duty to defend, and the Wisconsin Supreme Court has suggested that Sauk County II incorrectly applied Elliott by awarding fees in the absence of a breach by the insurer. See Reid v. Benz, 629 N.W.2d at 270 n.7.[4] Despite the decision in Sauk County II, this Court is not persuaded that *167 Wisconsin law permits recovery of attorneys fees in every instance where coverage is established in a declaratory judgment action. In Reid, the Wisconsin Supreme Court’s most recent pronouncement on this issue, the court declined to award attorneys fees where, although the insured incurred significant fees in establishing coverage, the insurer followed the proper procedures in defending and did not breach the policy. See 629 N.W.2d at 270-73. The court rejected the insured’s argument that she was denied indemnity by having to pay her own costs of establishing coverage, and also rejected the claim that “insurance companies should pay the insured’s attorneys fees when they do not prevail in a coverage contest, because they are better situated to assume, and spread, the risk of contesting coverage.” Id. at 272. In addition, the court affirmed Wisconsin’s adherence to the American Rule that parties to litigation are responsible for their own attorneys fees, except where statutes or contracts provide for fee-shifting, or where the court has made an exception in special circumstances such as where the insurer breaches its duty to defend. See id. Thus, I conclude that the law of Massachusetts and Wisconsin is in genuine conflict on the issue of recovery of attorneys fee; Massachusetts would award ABRP such fees unconditionally, while Wisconsin would award fees only if ABRP established that Essex refused to defend in bad faith or otherwise breached the Policy.
In determining which law to apply, the court must employ the choice-of-law rules of the forum. Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. 622, 626 (1985); Clarendon Nat’l Ins. Co. v. Arbella Mut Ins. Co., 60 Mass.App.Ct. 492, 495 (2004). Massachusetts has adopted a functional choice-of-law approach which assesses a variety of choice-influencing factors, in accordance with the Restatement (Second) of Conflict of Laws. Hodas v. Morin, 442 Mass. 544, 550 (2004); Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. at 631-32; Clarendon Nat’l Ins. Co. v. Arbella Mut. Ins. Co., 60 Mass.App.Ct. at 495-96.
In disputes concerning insurance contracts, the first step is to determine whether the provisions of §193 of the Restatement will resolve the matter. Clarendon Nat’l Ins. Co. v. Arbella. Mut. Ins. Co., 60 Mass.App.Ct. at 496. Section 193 provides that the rights created by a contract of casualty insurance are to be determined by the local law of the state that the parties to the insurance policy understood would be the principal location of the insured risk during the term of the policy, unless another state has a more significant relationship under the principles of §6. Id. The insured risk is the object or activity which is the subject matter of the insurance. See Restatement (Second) of Conflict of Laws §193 cmt. b (1971). Section 193 is relevant only where the insured risk can be located, at least principally, in a single state. See Clarendon Nat’l Ins. Co. v. Arbella Mut. Ins. Co., 60 Mass.App.Ct. at 497; Restatement (Second) of Conflict of Laws §193 cmt. b (1971).
Here, the Policy insured not only the risks arising out of ABRP’s manufacturing operation in Wisconsin but also the risk of tort liability arising out of the sale and use of ABRP products. That risk cannot be principally located in any one state because ABRP products are distributed throughout numerous states across the country, including Massachusetts. Thus, §193 of the Restatement does not govern the analysis here. See International Ins. Co. v. Stonewall Ins. Co., 86 F.3d 601, 605-06 (6th Cir. 1996) (no principal location of risk existed under excess liability policy obtained by forklift manufacturer to protect against adverse tort judgments based on defective product sold throughout United States); Liggett Group v. Affiliated FM Ins. Co., 788 A.2d 134, 137-38 (Del.Super. 2001) (no principal location of risk existed under liability policies issued to protect cigarette manufacturers against nationwide products liability claims). See also Gilbert Spruance v. Pennsylvania Manufacturers’ Assoc. Ins. Co., 629 A.2d 885, 887 (N.J. 1993) (§193 does not govern when insured operation or activity is predictably multi-state).
When §193 cannot be used to resolve the choice-of-law issue, the court must determine which state has the most significant relationship to the matter at hand by employing the factors set forth in sections 188 and 6 of the Restatement. Clarendon Nat’l Ins. Co. v. Arbella Mut Ins. Co., 60 Mass.App.Ct. at 497. Section 188 states that the rights and duties of parties with respect to a contract issue will be determined by the law of the state which, as to that issue, has the most significant relationship to the transaction and the parties under the principles of §6. Id. The factors relevant under §6 are the needs of the interstate and international systems, the relevant policies of the forum and other interested states and their relative interests in determining the particular issue, the protection of justified expectations, the basic policies underlying the field of law, certainty, predictability and uniformity of result, and ease in the determination and application of the law to be applied. Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. at 631-32; Clarendon Nat’l Ins. Co. v. Arbella Mut Ins. Co., 60 Mass.App.Ct. at 497 n.2. Particularly close attention should be given to protection of the parties’ justified expectations and the purpose sought to be achieved by the contract rules of the interested states. Clarendon Nat’l Ins. Co. v. Arbella Mut. Ins. Co., 60 Mass.App.Ct. at 497.
The contacts to be taken into account in applying the §6 factors include the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile, residence, place of incor *168 poration and place of business of the parties. Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. at 632; Restatement (Second) of Conflict of Laws §188(2) (1971). However, determination of which state has a more significant relationship to a particular issue involves more than merely adding up various contacts. Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. at 632-33.
This insurance dispute is between a Delaware insurer operating in Virginia and its Wisconsin insured, and involves a Policy insuring the manufacture of the X-100 product in Wisconsin as well as the national risk of tort claims arising out of the product, which in this case caused injury in Massachusetts. The Policy was presumably negotiated in Illinois, Virginia and Wisconsin, executed by the parties at their offices in Virginia and Wisconsin, and ultimately delivered to ABRP in Wisconsin. Essex’s performance of the contract has occurred in part in Wisconsin but largely in Massachusetts, where it has litigated the declaratory judgment action and defended ABRP in the Zabilansky matter. ABRP’s performance likely has occurred largely in Wisconsin.
The precise legal issue at this juncture is not the broader one of coverage under the Policy for the Zabilanskys’ claims, but rather ABRP’s ability to recover attorneys fees from Essex. With respect to the relative policies of the interested jurisdictions, Massachusetts’ policy is to give insureds the full benefit of their bargain with the insurance company by ensuring that they do not incur costs in obtaining the benefit of coverage, while Wisconsin’s policy is to require insureds to bear their own litigation costs except for narrow equitable circumstances in which the insurer breaches the policy.
Here, however, Massachusetts has no real interest in having its rule apply because neither the insured nor the insurance company is a Massachusetts resident, and the ability of the Zabilanskys, who are Massachusetts residents, to recover under the Policy is not at issue in this fee dispute. See Kahn v. Royal Ins. Co., 429 Mass. 572, 574-75 (1999) (in claim under Florida automobile insurance policy, fact that accident occurred in Massachusetts and plaintiffs were Massachusetts residents did not give Massachusetts a substantial interest in the matter). Because the insured, ABRP, is a Wisconsin resident, Wisconsin has some interest in having its rule apply.
A particularly important factor, in my view, is the parties’justified expectations. Clarendon Nat’l Ins. Co. v. Arbella Mut. Ins. Co., 60 Mass.App.Ct. at 497. Here, it is unlikely when the Policy was executed that either Essex or ABRP expected Massachusetts law to apply to a dispute concerning ABRP’s entitlement to attorneys fees in a declaratory judgment action to establish coverage. It is likely that the parties expected Wisconsin law to apply, given that two out of the three types of risks insured by the policy are located in Wisconsin, where ABRP is incorporated and conducts its manufacturing business.
In addition, uniformity and predictability of result is achieved by applying Wisconsin law to the issue of recovery of attorneys fees. Otherwise, ABRP’s entitlement to fees depends entirely on the fortuity of the state in which a third party is injured by its product and whether that state recognizes an exception to the American rule, leading to numerous different results under the same policy. Cf. United Technologies Corp. v. Liberty Mut. Ins. Co., 407 Mass. 591, 597 & n.10 (1990) (expressing doubt that under policy covering multi-state pollution risk, law of state of pollution site would govern questions of coverage under policy); Potomac Elec. Power v. California Union Ins., 777 F.Sup. 968, 972-73 (D.D.C. 1991) (in suit involving environmental waste, court applied law of state where insured manufacturer was headquartered and operated to avoid inconsistent results).
After considering all of the §6 factors and the relevant contacts of the parties, I find and rule that Wisconsin, not Massachusetts, has the most significant relationship to the issue of ABRP’s entitlement to attorneys fees. Accordingly, I conclude that ABRP may recover its reasonable attorneys fees only if it establishes that Essex refused to defend in bad faith or otherwise breached the Policy. Although ABRP asserts in its pleadings that Essex breached the Policy by failing to provide ABRP with information concerning its evaluation of the Zabilansky’s claims, the record now before me is devoid of sufficient evidence at this juncture to make such a determination. Therefore, ABRP’s motion is denied without prejudice to its renewal after conclusion of its counterclaim against Essex.

ORDER

For the foregoing reasons, it is hereby ORDERED that the motion of ABRP for fees and costs in defending plaintiffs declaratory judgment action is DENIED.

ABRP filed a counterclaim and cross claim for declaratory relief concerning coverage as well as a counterclaim against Essex for breach of the insurance contract.

Under Wisconsin law, the proper procedure for an insurance company to follow in disputing coverage is to request a bifurcated trial on the issue of coverage and liability and then move to stay the liability proceedings until coverage is litigated. See Reid v. Benz, 629 N.W.2d at 269; Mowry v. Badger State Mut. Cos. Co., 385 N.W.2d 171, 183-86 (1986).

Nhe court in Reid also declined to express an opinion as to the attorney fees award in Sauk County II, “because it appears that the award was premised upon the duty to indemnify rather than upon a breach of the duty to defend as in Elliott" 629 N.W.2d at 270.