**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| CNH INDUSTRICAL AMERICA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N12C-07-108 EMD CCLD |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN CASUALTY COMPANY OF | ) | TRIAL BY JURY OF TWELVE |
| READING, PENNSYLVANIA, et al. | ) | DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Upon Consideration of Plaintiff CNH Industrial America, LLC's Motion for Partial Summary*
*Judgment Against Travelers Regarding the Duty to Defend*
***GRANTED in part and DEFERRED in part***

Brian M. Rostocki, Esquire, and John C. Cordrey, Esquire, Reed Smith LLP, Wilmington, Delaware and James M. Davis, Esquire, Thomas A. Marrinson, Esquire, Evan T. Knott, Esquire, and Emily E. Garrison, Esquire, Reed Smith LLP, Chicago, Illinois. *Attorneys for CNH Industrial America LLC*.

Neal J. Levitsky, Esquire, and Seth A. Niederman, Esquire, Fox Rothschild LLP, Wilmington, Delaware and Richard L. McConnell, Esquire, and Dale E. Hausman, Esquire, Wiley Rein LLP, Washington, DC. *Attorneys for The Travelers Indemnity Company*.

**DAVIS, J.**

## INTRODUCTION AND PROCEDURAL HISTORY

This is an action for declaratory relief and breach of contract filed by Plaintiff CNH Industrial America LLC ("CNH") against a number of insurance companies, including Travelers Indemnity Company ("Travelers"). The complaint alleges that the defendant insurance companies have failed to honor defense and coverage obligations arising from asbestos-related lawsuits filed against CNH.

On October 7, 2014, CNH filed its Plaintiff CNH Industrial America, LLC's Motion for Partial Summary Judgment Against Travelers Regarding the Duty to Defend (the "Motion"). Through the Motion, CNH asks the Court to hold that Travelers must provide CNH with a defense on 138 asbestos bodily injury lawsuits (the "Underlying Lawsuits") currently pending against CNH.[1] On May 1, 2015, Travelers filed its Defendant The Travelers Indemnity Company's Opposition to Plaintiff CNH Industrial America LLC's Motion for Partial Summary Judgment Regarding the Duty to Defend (the "Opposition"). CNH filed its Plaintiff's Reply Brief in Support of Its Motion for Partial Summary Judgment Against Travelers Regarding the Duty to Defend (the "Reply").

On May 18, 2015, the Court held a hearing (the "May 18 Hearing") on a series of outstanding motions filed by the parties in this civil action, including the Motion, the Opposition and the Reply. After hearing arguments, the Court took the Motion under advisement. The Court did make certain rulings on other motions that impacted the relief sought in the Motion during the May 18 Hearing. The Court held that Wisconsin law applied with respect to the relevant insurance policies (the "Insurance Policies"), including the insurance policy (the "Case Insurance Policy") which is at issue in the Motion. In addition, the Court held that the Insurance Policies, including the Case Insurance Policy, had been effectively assigned to CNH as part of the 1994 reorganization agreements.

On July 6, 2015, Travelers filed a letter (the "July 6 Letter") with the Court. In the July 6 Letter, Travelers contends that certain payments recently made by Travelers to CNH for losses and defense costs "allegedly" incurred by CNH with respect to the Underlying Lawsuits means that certain issues under the Motion, and the other pending motions, may require additional

---

[1] In one of its papers, CNH states that a number of the Underlying Lawsuits have been resolved but that an additional seventy (70) may be substituted into the defined category of Underlying Lawsuits.

briefing. CNH responded to the July 6 Letter on July 9, 2015 (the "July 9 Letter"). Not surprisingly, CNH disagrees with Travelers' position as set out in the July 6 Letter. In the July 9 Letter, CNH contends that the payments do not "impact or influence the arguments made in the pending motions…." Despite taking this position in the July 9 Letter, CNH subsequently filed its Plaintiff's Motion Seeking an Expedited Declaration of CNH's Right to Cash Checks Sent by Travelers and Rejecting Travelers' Attempts to Prejudice CNH by Mischaracterizing those Checks (the "Checks Motion") on August 6, 2015. In response to the Checks Motion, the Court set an expedited briefing schedule that should be completed by September 22, 2015.

As set forth below, the Court does believe certain issues pending in the Motion should be deferred pending briefing on the Checks Motion and explanation by Travelers why its payments impact the Motion. However, the Court also believes that certain aspects of the Motion are ripe and should be decided as set forth in this Opinion.

## LEGAL STANDARD

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[2] Summary judgment will be granted if, after viewing the record in a light most favorable to a non-moving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[3] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the

---

[2] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[3] *Id.*

3

law to the factual record, then summary judgment will not be granted.[4]  The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[5]  If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[6]

## APPLICABLE WISCONSIN LAW

On May 18, 2015, the Court held that Wisconsin law applied to the Insurance Policies, including the Case Insurance Policy.  The Court also determined that the Insurance Policies, including the Case Insurance Policy, had been assigned to CNH, and that assignment of those policies after the loss occurred was not a violation of the anti-assignment clauses contained in those policies.  Accordingly, the Court will address the issues raised in the Motion under Wisconsin law.  The Court will follow the same parameters used in its prior decision recorded as *CNH America, LLC v. American Cas. Co. of Reading, PA*, C.A. No. N12C-07-108 JTV, 2014 WL 626030 (Del. Super. Jan. 6, 2014): CNH is seeking a defense only for those asbestos-related complaints which either refer to a J.I. Case Company product or do not refer to a brand name, and does not seek a defense for a complaint which only refers to International Harvester, New Holland or another non-J.I. Case Company brand.

### THE DUTY TO DEFEND

Wisconsin has considerable decisional law on the issues relating to an insurer's duty to defend.  Moreover, the relevant legal analysis for determining when an insurer has a duty to defend is well established in Wisconsin.[7]  Wisconsin takes a four-corners' approach to

---

[4] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).  *See also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates … that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[5] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[6] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).
[7] *Fireman's Fund Ins. Co. of Wis. v. Bradley Corp.*, 660 N.W.2d 666, 673-74 (Wis. 2003).

4

determining the duty to defend – *i.e.*, the duty to defend an insured is determined by comparing the allegations of the complaint to the terms of the insurance policy.[8] An insurer's duty to defend is predicated on allegations in a complaint which, if proven, would give rise to the possibility of recovery that falls under the terms and conditions of the policy. The duty to defend is based solely on the allegations "contained within the four corners of the complaint," without resort to extrinsic facts or evidence.[9]

As the Court compares the allegations of the complaint to the terms of the insurance policy, the allegations of the complaint are to be construed liberally. In addition, the duty to defend an insured is necessarily broader than the duty to indemnify "because the duty to defend is triggered by arguable, as opposed to actual, coverage."[10] The Court is to resolve any doubt regarding the duty to defend in favor of the insured.[11]

In addition, the duty to defend is based upon the nature of the claim and not the merits of the claim.[12] This means an insurer will have a duty to defend even in those situations where the claim against the insured lacks merit, is groundless or even when the claim is false or fraudulent.[13] An insurer will have a duty to defend the entire suit if even one of the claims made in the lawsuit is covered under the applicable policy.[14]

From the briefing and in argument, the Court did not perceive that the parties disagreed on the issue of whether the claims made in the Underlying Suits fell within the scope of coverage under the Case Insurance Policy. Instead, Travelers mostly argued that coverage was not available because, under Texas law, CNH could not enforce the Case Insurance Policy because

---

[8] *Id.* at 673; *Smith v. Katz*, 595 N.W.2d 345, 352 (Wis. 1999).
[9] *Bradley Corp.*, 660 N.W.2d at 673.
[10] *Id.* at 674.
[11] *Id.*
[12] *Id.*; *Grieb v. Citizens Cas. Co.*, 148 N.W.2d 103 (Wis. 1967).
[13] *Id.*
[14] *Grieb*, 148 N.W.2d at 108.

that policy had not been properly assigned to CNH and/or the Case Insurance Policy had not been effectively assigned to CNH as part of the 1994 reorganization agreements. The Court has ruled that Wisconsin, and not Texas, law applies to the Case Insurance Policy and that the Case Insurance Policy has been properly assigned to CNH. Accordingly, unless there is another reason why Travelers has been relieved of its duty to defend, the Court holds that Travelers has a duty to provide CNH with a defense as to the Underlying Lawsuits so long as the asbestos-related complaints either refer to a J.I. Case Company product or do not refer to a brand name, and does not only refer to International Harvester, New Holland or another non-J.I. Case Company brand.

### NOTICE AND COOPERATION

CNH and Travelers disagree on the notice and cooperation provisions of the Case Insurance Policy. Travelers seems to use a thirty (30) day time requirement – i.e., that CNH needs to provide notice to Travelers of an occurrence or a lawsuit covered under the Case Insurance Policy within thirty (30) days of when a claim is made or a lawsuit is filed against CNH that may, or may not, be indemnifiable under the terms of that policy. CNH contends that the Case Insurance Policy does not contain a specific notice provision and that all that is necessary is reasonable notice.

As articulated by the Wisconsin Supreme Court:

Generally, the insured's contractual duties of notice and cooperation are designed: "to protect the insurer from the irresponsibility of the insured, to prevent collusion between the insured and a friendly claimant, and '…to put (the) insurer on notice and afford it an opportunity to make an investigation as it may deem necessary to properly defend or settle claims which may be asserted….' In general, the insured's responsibility is to assist and aid the insurer in preparing the case for trial or settlement." [citation omitted][15]

---

[15] *Dietz v. Hardware Dealers Mut. Fire Ins. Co.*, 276 N.W.2d 808, 811-812 (Wis. 1979).

An insured's duties of notice and cooperation were fulfilled when the policy owner rendered a fair, frank and truthful disclosure of the information reasonably requested by the insurer.[16] Even if the insured breaches the duties of notice and cooperation, an insurer must also prove the breach is material and prejudicial.[17]

The rules governing construction and interpretation of insurance policies are those applicable to contracts generally.[18] The contract is to be considered as a whole in order to give each of its provisions the meaning intended by the parties.[19] Unless ambiguous, the construction of a written contract is normally a matter of law for the court.[20]

The Court holds that the Case Insurance Policy does contain a notice and cooperation provision (the "Provision"). Moreover, the Provision is not ambiguous and will be accorded its plain meaning to the facts present in this civil action. The Case Insurance Policy provides:

Insured's Duties in the Event of Occurrence, Claim or Suit.

(a) In the event of an *occurrence*, written notice containing particulars *sufficient to identify the insured and also reasonably obtainable* information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents as soon as practicable. The *named insured* shall promptly take at his expense all reasonable steps to prevent other *bodily injury* or *property damage* from arising out of the *same* or *similar* conditions, but such expense shall not be recoverable under this policy.

(b) If claim is made or suit is brought against the *insured*, the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The *insured* shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suites and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of *bodily injury* or *property damage* with respect to

---

[16] *Id.* at 812.
[17] *Id.*
[18] *RTE Corp. v. Maryland Cas. Co.*, 247 N.W.2d 171, 174 (Wis. 1976).
[19] *Id.* at 175.
[20] *Id.*

7

which insurance is afforded under this policy; and the *insured* shall attend bearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The *insured* shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.[21]

Subsection (a) is the notice requirement of the Case Insurance Policy. While the parties did not discuss subsection (a) in the briefs as it relates to notice, this subsection is clearly the notice requirement of this policy. Under subsection (a) of the Provision, CNH is to provide written notice of an occurrence (e.g., a claim by a third party or a lawsuit filing or alike) to Travelers "as soon as practicable." Subsections (b) and (c) are the cooperation requirements of the Case Insurance Policy. While the parties did not discuss subsection (a) in the briefs as it relates to notice, this subsection is clearly the notice requirement of this policy.

In Wisconsin, compliance with notice provisions in insurance policies may be a matter for the jury or the court.[22] What is "as soon as practicable" is "by nature a factual matter but, of course, the insufficiency of the proof may be a question of law."[23]

The Court has extensively reviewed Wisconsin law on timeliness of notice. The failure to provide timely notice as required by the policy does not defeat coverage unless the insurer is prejudiced by the failure.[24] An insurer is prejudiced by late notice when, for example, the insurer cannot investigate the facts necessary to assess whether coverage should be provided.[25] Another example is when the insurer has been denied the opportunity to have input into the manner in which the underlying claim is being defended.[26] While the existence of prejudice is

---

[21] Motion, Declaration of Diane L. Scialabba in Support of Plaintiff's Motion for Partial Summary Judgment Against Travelers Regarding the Duty to Defend, Ex. I, TRAV0000006.

[22] *RTE Corp.*, 247 N.W.2d at 178.

[23] *Id.*

[24] *Int'l Flavors & Fragrances, Inc. v. Valley Forge Ins. Co.*, 738 N.W.2d 159, 162-63 (Wis. 2007).

[25] *Bradley*, 660 N.W.2d at 683.

[26] *Id.*

ordinarily a question of fact, it may be resolved on summary judgment where there is no genuine issue of material fact and one party is entitled to judgment as a matter of law.[27] Moreover, statutes in Wisconsin provide additional guidance on who bears the burden to demonstrate prejudice when there are issues as to the timeliness of notice.[28]

After reviewing Wisconsin decisions relating to the duties of notice and cooperation, the Court is of the opinion that many of the Underlying Lawsuits may be ripe for determination on summary judgment. CNH argues that the Court can determine that CNH has met its duties to provide notice and to cooperate with respect to all the Underlying Lawsuits. The Court could do this ONLY IF the Court determines that Travelers, through its conduct, waived its right to contest these issues. In its papers and in oral argument, Travelers argues that questions of fact remain on the issues of timeliness of notice and on waiver.

The Court is not entirely convinced that questions of fact remain on the waiver issue. From what has been presented to the Court, Travelers seems to have taken, throughout its interaction with CNH, a uniform position that it would not provide CNH with a defense or indemnification under the Case Insurance Policy. If the Court determines that Travelers consistently maintained that no coverage or a duty to defend existed then Travelers will be hard pressed to demonstrate that CNH's untimely notice, if any, prejudiced Travelers.[29] Travelers, however, expended most of its briefing and argument on the issues of choice of law and effective assignment. The Court believes supplemental briefing on the issue of waiver would be helpful.

If waiver does not apply, the Court thinks that a case by case analysis of the Underlying Lawsuits may be necessary. The Court believes that some type of presentation will be necessary by the parties for the Court to engage in that case by case analysis. Presently, the parties have

---

[27] *Valley Forge Ins. Co.*, 738 N.W.2d at 162-63.
[28] *See, e.g.,* WIS. STAT. § 631.81 and WIS. STAT. § 632.26.
[29] *See Bradley*, 660 N.W.2d at 264.

provided spreadsheets with respect to notice. No presentation, on a case by case basis, has been provided on the issues of "as soon as practicable" or prejudice. As such, the Court will want the parties to submit additional briefing on this point as well.

Finally, the Court – understanding the connectedness of other outstanding motions and the July 6 Letter and July 9 Letter – desires a full presentation as to why Travelers believes its new position on paying some defense costs and indemnification has an impact on the duty to defend.

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** in part and **DEFFERED** in part. The Court will contact the parties to set up a status conference on briefing and additional oral arguments.

Dated: August 21, 2015
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge

10